IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHAWNESSY MARTINEZ,

    Plaintiff,

v.                                                      No. 24-cv-0436-MLG-KBM

C. WILKEN, *et al*,

    Defendants.

## ORDER GRANTING *IN FORMA PAUPERIS* RELIEF AND DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on Plaintiff Shawnessy Martinez's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3) (IFP Motion). Also before the Court is Plaintiff's Motion to Appoint Counsel (Doc. 5). Plaintiff's financial information reflects he is unable to prepay the $405 filing fee for his prisoner civil rights complaint. The Court will therefore grant the IFP Motion, which reduces the fee to $350, and allow Plaintiff to pay in installments. *See* 28 U.S.C. § 1915(b). Plaintiff must make an initial partial payment of "20 percent of the greater of …[his] average monthly deposits … or (B) the average monthly balance" for the six-month period immediately preceding this action. *Id.*

Plaintiff's average monthly balance is $12.82, and that amount exceeds his average deposits. *See* Doc. 5. The Court will assess an initial payment of $2.56 (which is 20% of the average deposits) pursuant to § 1915(b). After payment of the initial partial fee, Plaintiff is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The Court will generally not address the merits of Plaintiff's claims unless the initial partial payment is paid or excused. If Plaintiff fails to timely

make the initial partial payment, his complaint may be dismissed without further notice.

As to the remaining motion, "[c]ourts are not authorized to appoint counsel in 1983 … cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis.  *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).  This decision is a matter of discretion.  *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).  Relevant factors include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues."  *Rachel*, 820 F.3d at 397.  Considering these factors, the Court will not ask a local attorney to handle this case on a *pro bono* basis.  The claims primarily pertain to Plaintiff's conditions of confinement and are not particularly complex.  Plaintiff's filings also reflect he is able to prosecute this action on a *pro se* basis.  The Motion to Appoint Counsel (Doc. 5) will therefore be denied without prejudice.

The Court finally notes that another inmate (Derrick Castillo) purported to sign the Motion to Appoint Counsel along with Plaintiff.  It is not clear whether Castillo is acting as a witness or whether he also seeks some type of relief.  In any event, Castillo is not a plaintiff in this case; has not provided contact information; and did not sign the Amended Complaint (Doc. 2).  The Court will limit its review to Plaintiff Shawnessy Martinez's claims and requests for relief in this case.  Castillo must file his own civil rights action, if he seeks relief.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (**Doc. 3**) is **GRANTED**; and Plaintiff's Motion to Appoint Counsel (**Doc. 5**) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that, within thirty (30) days from entry of this order, Plaintiff shall send to the Clerk an initial partial payment of **$2.56**;

**IT IS FURTHER ORDERED** that the Clerk is directed to provide Plaintiff with two copies of this order, and that Plaintiff make the necessary arrangements to attach one copy of this order to the check in the amount of the initial partial payment;

**IT IS FINALLY ORDERED** that, after payment of the initial partial fee, Plaintiff make monthly payments of twenty percent (20%) of the preceding month's income credited to his account or show cause why the designated payments should be excused.

**SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE